**HAMILTON BROTHERS, INC.,**
**Plaintiff-Appellee,**

v.

**Edmund G. PETERSON, Defendant-Appellant,**

v.

**MARINE BANK & TRUST COMPANY,**
**Defendant-Appellee.**

No. 71–1607
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 20, 1971.

Rehearing Denied Sept. 15, 1971.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F. 2d 409, Part I.

John P. Corcoran, Jr., Tampa, Fla., for defendant-appellant.

James E. Lehan, Tampa, Fla., for Marine Bank & Trust.

Joseph L. Thury, Tampa, Fla., for Hamilton Bros., Inc.

Before COLEMAN, SIMPSON and · MORGAN, Circuit Judges.

SIMPSON, Circuit Judge:

Edmund G. Peterson (Peterson) here appeals from an adverse judgment entered by the district court, sitting without a jury. We reverse, and remand the cause with directions to dismiss the suit for lack of jurisdiction.

The plaintiff-appellee, Hamilton Brothers, Inc., (Hamilton) is a Florida corporation. The defendant-appellant, Edmund G. Peterson, at all times critical here was a Mexican resident.

On or about November 28, 1968, the M/V DON EMILIO B, owned by Hamilton, was enroute from Tampa, Florida, to Cozumel, Mexico, when it ran aground on reef off the coast of Quintana Roo, Mexico. The complaint alleged that on the dates of December 11–12, 1968, Peterson telegraphed an offer from Mexico to Hamilton in Tampa, Florida, to purchase the vessel, "as is-where is", and that the offer was accepted by return telegram from Hamilton to Peterson in Mexico. The bill of sale was to be delivered to Peterson's attorney, Hall, in Dallas, Texas. Peterson caused $15,000.00 to be deposited in the Marine Bank and Trust Company, in Tampa, Florida (Marine Bank), to be released upon the written approval of Hall after receipt and inspection of the bill of sale. No escrow agreement as to the $15,000.00 held by the Marine Bank was ever executed because the attorneys for the parties became embroiled in a controversy over the legal import of the telegrams and as to whether the vessel was free and clear of liens and encumbrances. Upon the refusal of Hall to accept a proffered bill of sale and release to Hamilton the $15,000.00 held by the Marine Bank, Hamilton brought suit in the court below under the diversity jurisdiction for specific performance of the

claimed completed offer of purchase and sale of the vessel. The Marine Bank was enjoined from releasing the $15,-000.00. Service upon Peterson as a non-resident doing business in Florida as to a transaction connected with the business venture was attempted under the Florida long-arm statute, F.S.A. 48.181,[1] by serving the Secretary of State of Florida. The district court overruled Peterson's motion under Rule 12, F.R. Civ.P., to dismiss the action for lack of jurisdiction over the person and insufficiency of service of process. The motion was supported by Peterson's affidavit.

No counter-affidavit was filed by the plaintiff, although as pointed out by the appellee the lower court was free to consider the conclusionary allegations of the verified complaint alleging that Peterson was *"doing business in Florida"*. Peterson was required to answer and the case proceeded to trial on the complaint and Peterson's answer and counter-claim for the return of his $15,000.00. It was tried before the court without a jury and resulted in a judgment for Hamilton, supported by Findings of Fact and Conclusions of Law, for $17,900.00 plus interest and costs. This represented the agreed price for the vessel and $2900.00 for a truck which was aboard the vessel and was, said the trial court's Finding No. 18, "cannibalized or lost because of the negligence of Peterson and his crew". This appeal followed.

We do not reach the merits on the appeal. Rather, we reverse with directions to dismiss the complaint for lack of jurisdiction. The Florida long-arm statute, conceding that it should be construed as broadly as is consistent with due process, Phillips v. Hooker Chemical Corp., 5 Cir. 1967, 375 F.2d 189, 192, simply is not capable of being stretched far enough to reach this transaction. There are not present the requisite minimum contacts with Florida so that maintenance of the action "does not offend traditional notions of fair play and substantial justice", Phillips v. Hooker Chemical Corp., supra, at page 193. Peterson's sole contact with Florida was the deposit of $15,000.00 in a Florida bank and a telegram sent to Hamilton in Florida offering to purchase the stricken vessel as it lay stranded off the Mexican coast.[2] Peterson's attorney, to whom the bill of sale was to be delivered, was located in Dallas, Texas. Under traditional contract principles if a contract was entered into here it was not entered into in Florida and was not to be consummated in Florida. Peterson was to take possession of

1. 48.181 Service on nonresident engaging in business in state

(1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

(2) If a foreign corporation has a resident agent or officer in the state, process shall be served on the resident agent or officer.

(3) Any person, firm or corporation which sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers or distributors to any person, firm or corporation in this state shall be conclusively presumed to be operating, conducting, engaging in or carrying on a business venture in this state.

2. The original telegram was preceded by a telephone call to Hamilton in Florida from Peterson in Mexico.

the vessel off the coast of Mexico, "as is-where is".

Under these circumstances it is our holding that this case is controlled by our decision in Florida Towing Corporation v. Oliver J. Olson Company, 5 Cir. 1970, 426 F.2d 896. *Florida Towing* was a case turning upon attempted service under the Florida long-arm statute under facts remarkably similar to the ones before us here. Upon remand the district court is directed to dismiss the complaint for lack of jurisdiction over the person of the defendant Peterson.

Reversed and remanded with directions.